IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| JEREMY LEACH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Civil Case No. 5:22-cv-00047 |
| | : |
| TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, | : |
| | : |
| Defendants. | : |

**COMPLAINT**

Plaintiff Jeremy Leach, by counsel, alleges as follows for his Complaint against Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services ("Equifax").

**PRELIMINARY STATEMENT**

1. This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Under the FCRA, consumer reporting agencies must "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). Congress achieves this purpose by requiring that consumer reporting agencies follow specific requirements and obligations when consumers dispute information in their credit reports. 15 U.S.C. § 1681i

3. Here, Toyota Motor Credit Corporation ("Toyota") inaccurately reported to the credit reporting agencies that Plaintiff was delinquent on his truck loan and that the loan was charged off. Contrary to Toyota's reporting, the loan was paid in full following an accident in 2021 because Plaintiff had purchased Guaranteed Auto Protection ("GAP") insurance through Toyota at the time of financing. Alternatively, the loan was satisfied when Plaintiff made post-accident payments at Toyota's direction to cover the purported remaining balance. Toyota, nonetheless, erroneously furnished the inaccurate and derogatory charge-off information to Trans Union, Equifax, and Experian.

4. After Plaintiff disputed the inaccurate information with Equifax, Experian, and Trans Union, each failed to correct his credit reports. Plaintiff, thus, alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

7. Plaintiff is a natural person who resides in the Commonwealth of Virginia. He is a consumer as defined by 15 U.S.C. § 1681a(c).

8. Trans Union is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

9. Experian is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

10. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

## FACTS

### *Plaintiff's Loan and Insurance, Accident, and Payments*

11. In August 2020, Plaintiff purchased a used Toyota Tundra from Super Motors, Inc. in Harrisonburg, Virginia.

12. Plaintiff financed the vehicle with a loan from Toyota.

13. As part of the loan, Plaintiff purchased GAP insurance from Toyota, which protected Plaintiff from owing money on his truck loan in the event his primary insurance did not cover a total loss.

14. In late 2021, Plaintiff's truck was totaled in an accident.

15. Plaintiff immediately notified Toyota of the accident and requested coverage under the terms of the GAP insurance agreement.

16. On or about October 21, 2021, Toyota sent Plaintiff a letter, stating that it would pay $1,363.03 to his loan as GAP coverage, the difference between the payoff amount and the payment already made by Plaintiff's auto insurer.

17. That letter reflected the "Net Finance/Lease Payoff" amount as $0.00.

18. On November 3, 2021, however, Toyota informed Plaintiff that he still owed $3,170.94 on the truck loan.

19. In consideration of the GAP Coverage he purchased, Plaintiff was unsure how he still owed money on the loan.

20. Nonetheless, Plaintiff called Toyota to pay the outstanding balance using his credit card.

21. Toyota rejected Plaintiff's attempt to make payment.

22. Toyota advised Plaintiff that he could alternatively make payments over time.

23. Plaintiff then reached an agreement with Toyota to pay the purported outstanding amount over the span of four months.

24. While Plaintiff was making the payments as agreed, Toyota sent the account to a debt collection company.

25. Plaintiff then satisfied the loan with the debt collection as instructed to do.

*Defendants' Reporting and Plaintiff's Disputes*

26. Even though Plaintiff's loan had been satisfied through application of the purchased GAP insurance and, alternatively, after Plaintiff made payments as Toyota instructed, Toyota charged off Plaintiff's account and reported to the credit bureaus that Plaintiff missed multiple payments on his truck loan.

27. The credit bureaus then reported the same.

28. This information was inaccurate, incomplete, and misleading. Plaintiff's loan was paid in full after the vehicle was totaled and insurance proceeds were applied to the account. Alternatively, Plaintiff satisfied any outstanding balance by making payments as agreed.

29. Plaintiff mailed dispute letters to Trans Union, Experian, and Equifax on April 12, 2022, explaining that each bureau was inaccurately reporting his account with Toyota. Plaintiff explained that his truck was totaled and that the loan was paid off after Toyota applied auto and

GAP insurance proceeds. Plaintiff further explained that he also made payments as Toyota instructed. Plaintiff included with his disputes the October 21 letter from Toyota, which showed that $0 was owed on Plaintiff's account.

30. On or about April 28, 2022, Equifax provided its investigation results to Plaintiff. Equifax modified its reporting of Plaintiff's Toyota account but continued to report it as charged off and delinquent beginning in October 2021.

31. On or about that same day, Trans Union provided its investigation results to Plaintiff. Trans Union also continued to report the account as charged off and delinquent beginning in October 2021.

32. Experian did not respond to Plaintiff's dispute.

33. On May 26, 2022, Plaintiff mailed follow-up dispute letters to Trans Union, Experian, and Equifax. Plaintiff again explained that each bureau was inaccurately reporting his account with Toyota because his account had been satisfied. As with his first set of disputes, Plaintiff included with his disputes the October 21 letter from Toyota, which showed that $0 was owed on Plaintiff's account after Toyota applied the GAP insurance proceeds.

34. On or about June 14, 2022, Equifax provided its investigation results to Plaintiff. Even after Plaintiff's second dispute, Equifax continued to report Plaintiff's account as charged off and delinquent beginning in October 2021.

35. On or about the same day, Trans Union provided Plaintiff with a notice stating that it had already investigated Plaintiff's dispute. Trans Union, therefore, did not correct its reporting.

36. On or about June 16, 2022, Experian provided its investigation results to Plaintiff. Experian continued to report Plaintiff's account as charged off.

37. The bureaus' reporting was inaccurate, incomplete, and misleading—Plaintiff was never behind on his loan with Toyota in October 2021 or after, and the loan should not have been considered charged off.

38. Upon information and belief, the credit reporting agencies' reporting of Plaintiff's Toyota account remains inaccurate.

### *Defendants' Willful Conduct*

39. As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

40. Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once Toyota provided its responses to Plaintiff's disputes verifying the payment history and account status. The credit reporting agencies did not take any additional steps to verify the accuracy of the information that Toyota provided.

41. Instead, Equifax, Experian, and Trans Union blindly accepted Toyota's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

42. Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

43. Even worse, Equifax, Experian, and Trans Union have been sued previously iv Virginia for this exact credit reporting issue. *See, e.g.*, *Ghomi v. Trans Union, LLC*, No. 1:16-cv-1140 (E.D. Va.).

44. Equifax, Experian, and Trans Union do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

45. Instead, Equifax, Experian, and Trans Union intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Equifax's, Experian's, and Trans Union's violations of the FCRA were willful.

## COUNT ONE:
## (VIOLATION OF 15 U.S.C. § 1681e(b))
## (EXPERIAN, TRANS UNION & EQUIFAX)

46. Plaintiff incorporates all other factual allegations set forth in the Complaint.

47. Experian, Trans Union, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

48. As a result of Experian's, Trans Union's, and Equifax's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: inability to obtain credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

49. The violations by Experian, Trans Union, and Equifax were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian, Trans Union, and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO:
## (VIOLATION OF 15 U.S.C. § 1681i)
## (EXPERIAN, TRANS UNION & EQUIFAX)

51. Plaintiff incorporates all other factual allegations set forth in the Complaint.

52. Experian, Trans Union, and Equifax violated multiple sections of § 1681i, including but not limited to their conduct of: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); (3) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation in violation of § 1681i(a)(5)(A).

53. As a result of Experian's, Trans Union's, and Equifax's violations of § 1681i, Plaintiff suffered actual damages, including but not limited to: inability to obtain credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

54. The violations by Experian, Trans Union, and Equifax were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to § 1681n. In the alternative, Experian, Trans Union, and Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian, Trans Union, and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Equifax, Experian, and Trans Union; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and any other relief the Court finds proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JEREMY LEACH**

By: ___/s/ Kristi C. Kelly___
Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com

*Counsel for Plaintiffs*